IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3189-M

| | |
|---|---|
| JORGE GALEAS MENCHU-EL, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| HARNETT CORRECTIONAL INSTITUTION, et al., | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, filed a complaint pursuant to, *inter alia*, 42 U.S.C. § 1983. (Compl. [D.E. 1]). This matter is before the court on plaintiff's motion to proceed without prepayment of fees [D.E. 2], to amend [D.E. 4], to compel discovery [D.E. 6], and for default judgment [D.E. 9]. For the reasons stated below, the court dismisses the action pursuant to 28 U.S.C. § 1915(g).

The three-strikes provision of the Prison Litigation Reform Act ("PLRA") precludes a prisoner from proceeding without prepayment of fees if the prisoner has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

Plaintiff has filed at least three actions that a federal court has dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. See Menchu-El v. McNeil, No. 5:24-CT-3228-D, at *2 (E.D.N.C. Nov. 12, 2024) (collecting cases); see also Galeas

v. Pinion, No. 3:12-CV-328-RJC, 2014 WL 2013407, at *2 n.1 (W.D.N.C. May 16, 2014) ("Plaintiff is an abusive and frequent filer of Section 1983 actions in this and other federal district courts in this circuit."). Further, plaintiff has had several cases dismissed pursuant to 28 U.S.C. § 1915(g). See Menchu-El, No. 5:24-CT-3228-D, at *2 (Nov. 12, 2024); Menchu-El v. Sommers, No. 5:24-CT-3218, at *2 (E.D.N.C. Nov. 6, 2024); Galeas v. Bartlett, No. 5:24-CT-3157-M, 2024 WL 3106752, at *3 (E.D.N.C. June 24, 2024); Galeas-Menchu-El v. Gibson, No. 5:22-CT-3366-D, 2022 WL 18110056, at *2 (E.D.N.C. Dec. 6, 2022); Galeas v. United States, No. 5:14-CT-3225-F, 2015 WL 1433547, at *2 (E.D.N.C. Mar. 27, 2015); Galeas v. Gray, No. 5:13-CT-3041-D, 2013 WL 1890746, at *3 (E.D.N.C. May 6, 2013).

The imminent danger "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see also Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010). Vague, speculative, or conclusory allegations are insufficient to invoke this exception; rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

Plaintiff alleges that defendant FNU Sommers interrupted his sleep by hitting his mattress. (Compl. [D.E. 1] at 6). However, plaintiff does not address how his interrupted sleep posed an imminent danger of serious physical injury. Plaintiff makes no other allegations of imminent danger.

2

## CONCLUSION

Based on the foregoing, plaintiff's motion to proceed without prepayment of fees [D.E. 2], and this action is DISMISSED pursuant to 28 U.S.C. § 1915(g). Plaintiff's motions to amend [D.E. 4], to compel discovery [D.E. 6], and for default judgment [D.E. 9] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of November, 2024.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge